CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 0 6 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| QUINTEN LAMELL JACKSON,<br>    Plaintiff, | )<br>)  Civil Action No. 7:05-CV-00210<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| SHERIFF MCMILLAN, ET AL.,<br>    Defendants. | )  By: Hon. Glen E. Conrad<br>)  United States District Judge |

Plaintiff Quinten Lamell Jackson, a Virginia inmate proceeding pro se, filed an action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. On April 11, 2005, this court directed Jackson to amend his complaint to state a claim. Jackson has since filed four motions to amend and one statement containing additional evidence. Jackson complains about verbal abuse, conditions, mail being returned, medical treatment, and the grievance process. Jackson seeks monetary relief. This complaint is presently before this court pursuant to the court's screening function as described in 28 U.S.C. § 1915A.

After reviewing the complaint, the court is of the opinion that the majority of Jackson's allegations fail to state a claim upon which relief can be granted, while others have not been properly exhausted. For the reasons stated below, the court dismisses the majority of claims and defendants without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(a).

**I. Analysis**

A complaint may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the complaint that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under

color of state law. See West v. Atkins, 487 U.S. 42 (1988).

Under 42 U.S.C. § 1997e(a), an inmate must exhaust all available administrative remedies prior to filing a civil rights claim in federal court. The court must dismiss any unexhausted claims without prejudice. Once Jackson has exhausted his administrative remedies regarding his claims, he may re-file his complaint.

### A. Prison Conditions

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). On the other hand, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347. In fact, to state a claim of constitutional significance regarding prison conditions, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

It appears that Jackson was a pre-trial detainee at the time of the alleged actions. Therefore, his claims would be evaluated under the due process clause instead of the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. Accordingly, in evaluating the constitutionality of conditions of confinement for pretrial detainees, the court must determine

2

whether the challenged conditions amount to punishment. Id. Unless the detainee plaintiff can show that officials intended to punish him through conditions of confinement, conditions cannot be considered punishment so long as they are rationally connected to a legitimate, nonpunitive penological purpose and are not excessive in relation to that purpose. Id.

In his first claim, Jackson alleges that the cells are overcrowded. In his second claim, Jackson alleges that there is a lack of exercise and hygiene. In his third claim, Jackson alleges that there is insufficient food or that food is cold or undercooked. In his fourth claim, Jackson alleges that other inmates are smuggling in drugs and cigarettes. In his twelfth claim, Jackson alleges that he was not given a blanket and the cell was cold. In his fourteenth claim, Jackson alleges that many inmates have sores and rashes. However, Jackson alleges neither significant mental or physical harm as a result of any of these claims, nor that any of the complained-of conditions were an attempt to punish Jackson. Therefore, Jackson has not stated a constitutional violation in claims 1, 2, 3, 4, 12, and 14.

## B. Grievance Procedures

There is no constitutional right to participate in grievance proceedings. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). In claim seven, Jackson alleges that he has received insufficient responses to some of his grievances. Jackson does not specify which grievances did not receive a proper response. In claim nine, Jackson alleges something about a grievance to the medical department, but the court is unable to determine the basis of this claim. In claim thirteen, Jackson alleges that correctional officers do not provide grievance forms. However, Jackson provides the court with grievances written on paper to which the defendants responded. Jackson has not alleged

3

that he was prevented from filing a grievance as to any of the matters now before this court. Therefore, Jackson has not stated a constitutional violation.

### C. Mail

In claim 6, Jackson alleges that un-stamped mail was returned to him, opened. Jackson states that the jail's regulations allow indigent inmates to send five letters per week on Tuesdays and Fridays. However, failure of a state jail to follow state procedural rules does not state a federal claim. The documentation provided by Jackson suggests that the letters later were sent. Therefore, there does not appear to be any allegation of actual harm.

### D. Slurs and Threats

In claim 10, Jackson alleges that officers attempted to provoke him by using threatening language and racial slurs. Verbal abuse and harassment by guards, without more, does not state a constitutional claim. See Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (holding that the Sheriff's actions in laughing at and threatening to hang the plaintiff were not sufficient to show the deprivation of a constitutional right).

### E. Exhaustion

It does not appear that Jackson filed grievances or attempted to file grievances about his allegations in claims 1, 2, 4, 7, 8, 11, 12, or 14. Therefore, these claims must be dismissed for failure to exhaust administrative remedies. Jackson may re-file his claims after he has completed the grievance process.

4

## F. Due Process

In his amended complaints, filed April 18, 2005 (Docket #5) and April 25, 2005 (Docket #9), Jackson appears to claim a violation of due process regarding an institutional charge he received on April 7, 2005. It does not appear that Jackson filed any grievances concerning this charge, or that he appealed the charge. In addition, if "a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Supreme Court has extended the rule in Heck to prison disciplinary hearings. Edwards v. Balisok, 52 U.S. 641, 648 (1997).

## G. Institutional Defendants

In addition to its other infirmities, Jackson's petition names the medical department and the dietary department. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Plaintiff cannot maintain his action against the medical and dietary department, because neither is a "person" subject to suit under 42 U.S.C. § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

## II. Conclusion

Jackson not exhausted administrative remedies as to many of his claims. In addition, many

5

of Jackson's allegations fail to state a constitutional claim. Finally, the medical and dietary departments are not proper defendants. Therefore, this court must dismiss the majority of Jackson's claims. An appropriate order will be entered this day.

ENTER: This _6th_ day of May, 2005.

_/s/ Glen E. Conrad_
UNITED STATES DISTRICT JUDGE