CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 25 2005

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| QUINTEN LAMELL JACKSON, ) | |
|     Plaintiff, ) | Civil Action No. 7:05-CV-00210 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SHERIFF MCMILLAN, ET AL., ) | By: Hon. Glen E. Conrad |
|     Defendants. ) | United States District Judge |

On May 11, 2005, plaintiff Quinten Lamell Jackson, a Virginia inmate proceeding pro se, filed a memorandum of facts. The court construes this as a motion to amend and a motion to reconsider the court's May 6, 2005 order, which dismissed many of Jackson's claims. Finding no merit to Jackson's claims, the court must deny the motion to amend and the motion to reconsider.

In his memorandum, Jackson requests the addition of three defendants, Robert Cook, Officer Smith, and Sergeant Stroop. See Docket #15, p. 3 no. 4. However, Jackson does not explain how any of these individuals violated Jackson's rights. Therefore, the court must deny the motion to amend to add these defendants.

Jackson states that his allegations in the initial complaint and amendments are true and that the burden rests with the defendants to disprove Jackson's allegations. However, the court dismissed the majority of Jackson's claims because even if they were true they did not state a violation of the United States Constitution. While threats from a correctional officer and being housed in an overcrowded cell may be unpleasant or inappropriate, they do not rise to the level of a constitutional violation. In addition, it is the plaintiff who bears the burden of proving his allegations.

Jackson states that the grievance procedure is "incompetent" to deal with any of Jackson's

1

claims. However, Jackson's conclusory statement, on its own, is insufficient to relieve Jackson from the exhaustion requirement in 42 U.S.C. § 1997e(a). Jackson has not stated that he ever attempted to file grievances on the two claims that the court dismissed for failure to exhaust. In addition, Jackson has not explained why the grievance procedure was inadequate as to those claims.

Jackson states that the court failed to address one of Jackson's amendments. However, Jackson does not explain which claims the court failed to address. Jackson has not shown that the court erred in dismissing most of Jackson's claims. Therefore, the court must deny Jackson's motion to reconsider.

ENTER: This 25th day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE