CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAR 02 2006

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| QUINTEN L. JACKSON, | ) | |
| Plaintiff, | ) | Civil Action No. 7:05CV00210 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SHERIFF GEORGE MCMILLAN, et al., | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

Quinten L. Jackson, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, on April 11, 2005. The case is presently before the court on the motion for summary judgment filed by George M. McMillan. For the following reasons, the court will grant McMillan's motion.

## Background

At the time this action was filed, the plaintiff was incarcerated at the Roanoke City Jail. The plaintiff had been incarcerated at the jail since January 17, 2005.[1] McMillan is the former Sheriff of the City of Roanoke. In this capacity, McMillan supervised the jail and the jail's medical department.

The plaintiff's original complaint included fourteen claims. On May 6, 2005, the court entered an opinion and order dismissing all but one of the plaintiff's claims. In the remaining claim against McMillan and Robert Cook[2], the plaintiff alleges as follows:

> I am not reciving [sic] proper medical attention. [They] deny [me] prescription glasses or and [sic] a eye examination. On my medical request it states I must have money on my books. I wrote a grievance to the chaplain dated 3-17-05 he only had reading glasses. I filed grievance also with medical without the need of a

---

[1] Jackson is no longer incarcerated.

[2] Robert Cook was named in the plaintiff's complaint as "Robert in Medical."

> human right on my drivers L. I am restricted to drive a car.
> Further my eyes hurt with blurry vision a[nd] great head pains
> when I don't have my glasses. Further I can't see the T.V. I got to
> directly up on it.

The plaintiff seeks monetary damages.

## Standard of Review

McMillan has now filed a motion for summary judgment. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indust., Inc., 763 F.2d 604, 610 (4th Cir. 1985). "The non-moving party may not rest on his pleadings alone, but must show that specific, material facts exist that give rise to a genuine triable issue." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). For a non-moving party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## Discussion

In order to establish a constitutional violation regarding medical treatment, an inmate must show that jail officials to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Id. at 105-06. Moreover, a medical treatment claim cannot be brought against a supervisory official absent allegations that the official was personally connected with the denial

2

of medical treatment. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Specifically, supervisory liability under § 1983 requires a showing that the supervisory official failed to properly provide the inmate with necessary medical care, deliberately interfered with the prison physician's performance, or tacitly authorized or was indifferent to a prison physician's constitutional violations. Miltier v. Beorn, 896 F.2d 848, 851-852 (4th Cir. 1990).

Having reviewed the record, the court agrees with McMillan that he cannot be held liable for the alleged denial of adequate medical care to the plaintiff. To support his motion for summary judgment, McMillan has submitted an affidavit, in which he explains that although he supervised the jail and the jail's medical department, he had no personal contact with the plaintiff, and no personal involvement with the plaintiff's medical treatment. The plaintiff has provided no evidence to refute McMillan's affidavit. Moreover, the plaintiff has failed to show that McMillan deliberately interfered with the plaintiff's medical care or tacitly authorized subordinate health care providers to provide grossly incompetent medical treatment. See Id. at 855. Therefore, the court concludes that McMillan is not subject to supervisory liability under § 1983.

## Conclusion

For the reasons stated, the court will grant McMillan's motion for summary judgment. The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 2d day of March, 2006.

United States District Judge

3