```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                           AT ROANOKE, VA
                                                                FILED
                                                          APR 19 2006
                                                    JOHN F. CORCORAN, CLERK
                                                    BY: /s/ DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| QUINTEN L. JACKSON, | ) |
| Plaintiff, | ) Civil Action No. 7:05CV00210 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| SHERIFF GEORGE MCMILLAN, et al., | ) By: Hon. Glen E. Conrad |
| Defendants. | ) United States District Judge |

Quinten L. Jackson, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, on April 11, 2005. The case is presently before the court on the motion for summary judgment filed by Robert Cook. For the following reasons, the court will grant Cook's motion.

## Background

At the time this action was filed, the plaintiff was incarcerated at the Roanoke City Jail. The plaintiff had been incarcerated at the jail since January 17, 2005.[1] The plaintiff's original complaint included fourteen claims. On May 6, 2005, the court entered an opinion and order dismissing all but one of the plaintiff's claims. In the remaining claim against Cook, the plaintiff alleges as follows:

> I am not reciving [sic] proper medical attention. [They] deny [me] prescription glasses or and [sic] a eye examination. On my medical request it states I must have money on my books. I wrote a grievance to the chaplain dated 3-17-05 he only had reading glasses. I filed grievance also with medical without the need of a human right on my drivers L. I am restricted to drive a car. Further my eyes hurt with blurry vision a[nd] great head pains when I don't have my glasses. Further I can't see the T.V. I got to [sic] directly up on it.

The plaintiff seeks monetary damages.

---

[1] Jackson is no longer incarcerated.

## Standard of Review

Cook has now filed a motion for summary judgment. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indust., Inc., 763 F.2d 604, 610 (4th Cir. 1985). "The non-moving party may not rest on his pleadings alone, but must show that specific, material facts exist that give rise to a genuine triable issue." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). For a non-moving party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## Discussion

In order to establish a constitutional violation regarding medical treatment, the plaintiff must show that the defendant exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the defendant must know of and disregard an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Id. at 105-06.

Having reviewed the record, the court concludes Cook is entitled to summary judgment. To support his motion for summary judgment, Cook has submitted an affidavit, in which he explains

2

that he works as an Emergency Medical Technician at the jail. In this capacity, Cook is responsible for performing intake assessments, making referrals to the jail's physician, and carrying out the physician's orders. He does not diagnose medical ailments or order medical treatment. On March 15, 2005, the plaintiff submitted a sick call request for prescription glasses. The plaintiff was advised that he must pay to see an eye care specialist for prescription glasses. However, Cook instructed the plaintiff to speak with the jail's chaplain about obtaining reading glasses.[2] The plaintiff's medical records indicate that he was examined by the jail's physician the following month. The physician noted that the plaintiff was mostly concerned with receiving glasses. However, the plaintiff reported that he had "been given someone's old glasses and they work ok." The plaintiff has provided no evidence to refute Cook's affidavit or the information contained in his medical records. Even assuming that the plaintiff's complaints constituted a "serious medical need," the plaintiff quite simply has failed to show that Cook acted with deliberate indifference to his vision problems.

## Conclusion

For the reasons stated, the court concludes that there is no genuine issue of material fact and that Cook is entitled to judgment as a matter of law. Accordingly, the court will grant Cook's motion for summary judgment. The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This ___ day of April, 2006.

_____
United States District Judge

---

[2] According to Cook, the jail has a policy requiring inmates to pay for an examination by an eye care specialist, if they wish to obtain prescription glasses. However, the jail's chaplain will obtain reading glasses for indigent inmates.

3